Opinion filed December 17, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed December 17,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-08-00145-CR 

                                                     __________

 

                                 GLENN
DAVID TURNER, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,  Appellee

 

 



 

                                         On
Appeal from the 358th District Court

 

                                                           Ector
County, Texas

 

                                                 Trial
Court Cause No. D-34,778

 



 

                                              M
E M O R A N D U M   O P I N I O N

The
jury convicted appellant, Glenn David Turner, of failing to comply with the
registration requirements for a sex offender.  See Tex. Code Crim. Proc. Ann. art.
62.102(a) (Vernon 2006).  The trial court sentenced him to thirty-five years
confinement in the Institutional Division of the Texas Department of Criminal
Justice. We affirm.

                                                               Background
Facts








The
indictment charged appellant with failing to report a change of employment to
the local law enforcement authority.  Mary Burditt is the sex offender
registrar for the City of Odessa.  She testified that appellant registered as a
sex offender with her office on May 25, 2007.  She further testified that
appellant did not report any job status when he initially registered with the
department and that he did not register a change in job status at any time in
2007.

The
State called Davaline Adams as a witness at trial.  Adams testified that she
had been employed by Wagner Roofing for the preceding five-year period as a
secretary and that she knew appellant because he worked for her boyfriend, Jim
Wagner, at Wagner Roofing.  She testified that appellant worked for Wagner
Roofing from July to September 2007.  During Adams=s testimony, the State offered into evidence
an IRS Form 1099 that she prepared.  The 1099 tax form indicates that Wagner
Roofing paid appellant $3,558.79 in 2007.  In this regard, Adams testified that
appellant worked as a contract laborer for Wagner Roofing.

                                                            Analysis

Appellant
challenges the legal and factual sufficiency of the evidence in a single
issue.  To determine if the evidence is legally sufficient, we must review all
of the evidence in the light most favorable to the verdict and determine
whether any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307,
319  (1979); Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); Jackson
v. State, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000). To determine if the
evidence is factually sufficient, the appellate court reviews all of the
evidence in a neutral light. Watson v. State, 204 S.W.3d 404, 414 (Tex.
Crim. App. 2006) (overruling in part Zuniga v. State, 144 S.W.3d 477
(Tex. Crim. App. 2004)); Johnson v. State, 23 S.W.3d 1, 10‑11
(Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d 404, 407‑08
(Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim.
App. 1996). Then, the reviewing court determines whether the evidence
supporting the verdict is so weak that the verdict is clearly wrong and
manifestly unjust or whether the verdict is against the great weight and
preponderance of the conflicting evidence. Watson, 204 S.W.3d at 414‑15;
Johnson, 23 S.W.3d at 10‑11.

Appellant
directs his evidentiary challenge to the evidence pertaining to the State=s allegation that he was
employed by Wagner Roofing.  He contends that there is no evidence to establish
that he was employed by Wagner Roofing and that, therefore, there is no
evidence of a change in his job status.  A person fails to comply with
registration requirements if he or she fails to report a change in employment
status within seven days.  See Tex.
Code Crim. Proc. Ann. art. 62.057(b) (Vernon Supp. 2009). A job status
changes when a person begins employment with a new employer.  See Tex. Code Crim. Proc. Ann. art.
62.057(c) (Vernon Supp. 2009).  








As
noted previously, Adams testified that she was employed as a secretary at
Wagner Roofing and that appellant worked for her boyfriend at Wagner Roofing. 
Appellant argues that Adams=s
testimony should be disregarded for a number of reasons, including her felony
criminal record, her inability to validate appellant=s signature on invoices purportedly submitted
by him, and the lack of evidence that the social security number on the 1099
tax form constituted appellant=s
social security number.  With respect to Adams=s
criminal record, the jury, as the finder of fact, was solely responsible for
determining the weight and credibility of Adams=s
testimony.  Tex. Code Crim. Proc. Ann. art.
36.13 (Vernon 2007), art. 38.04 (Vernon 1979).  As for the 1099 tax form
admitted into evidence, appellant is correct in his assertion that Adams was
not able to verify through her oral testimony that it contained appellant=s social security number. 
However, the State also offered into evidence the APre-Release Notification Form@ signed and submitted by
appellant that lists the same social security number for appellant.  

Viewing
the evidence in the light most favorable to the jury=s verdict, a rational finder of fact could
have concluded that appellant=s
job status changed based upon Adams=s
testimony and the 1099 tax form admitted into evidence.  Viewing the evidence
in a neutral light, the evidence was not so weak as to render the jury=s verdict to be clearly
wrong.  While Adams was unable to verify various invoices purportedly submitted
by appellant for payment, she was able to authenticate the 1099 tax form. 
Furthermore, her status as a secretary of Wagner Roofing provided a factual
basis to establish that she had personal knowledge of appellant=s employment with Wagner
Roofing.  See Tex. R. Evid. 602. 
Lastly, there is no contrary evidence that conflicts with the jury=s verdict.  Accordingly, we
conclude that the jury=s
verdict is supported by legally and factually sufficient evidence.  Appellant=s sole issue is overruled.

                                                               This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

December 17,
2009

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.